BUCKALEW v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. June 8, 1900.)

No. 924.

INSURANCE POLICY—REVENUE STAMPS—PREMIUM INSTALLMENTS.

Where a life insurance policy for one year provided that the premium should be paid in four installments, and that the policy should embrace four separate insurance contracts, and should not remain in force after any one period unless installments for the succeeding period were paid, such policy should have been stamped as a contract of insurance for one year, and the placing of additional stamps on the policy as the installments were paid did not satisfy the law.

In Error to the Circuit Court of the United States for the Northern District of Texas.

From a conviction of Sam Buckalew for violation of the internal revenue law, defendant brings error. Affirmed.

Plaintiff in error was charged by indictment in the United States district court for the Northern district of Texas, at Ft. Worth, with a violation of the internal revenue act of 1898, in failing to properly stamp with adhesive stamps an accident policy of insurance issued by him as agent for the Travelers' Insurance Company to one Bill Smith; to which he pleaded not guilty, was tried upon an agreed statement of facts, and was found guilty, and sentenced to pay a fine of $10. Motion for a new trial was made and overruled, writ of error applied for and obtained from this court, and the necessary bonds duly given, and the errors complained of are now presented to this court.

The case was tried on an agreed statement of facts, which is attached to the general bill of exceptions herein, which shows the facts to be as follows: "First. That the defendant, Sam Buckalew, is the duly authorized and

constituted agent of the Travelers' Insurance Company of Hartford, Conn., doing a life and accident business in the state of Texas. Second. That on the 17th day of September, 1899, the said defendant, Sam Buckalew, in the prosecution of his business as such agent, accepted from one Bill Smith an application for an accident policy in the sum of $1,500, on which the total premium for one year from said date was the sum of $18.75, which premium was to be paid in four separate payments, the first of which was to be $4.70, payable November 17, 1899; $4.70 on January 17, 1900; $4.65 on March 17, 1900; and $4.75 on May 17, 1900. That the said Bill Smith was an employé of the Texas & Pacific Railway. That, by arrangement between the said insurance company and said railway company, accident policies of this character were arranged to be written and paid for in installments, by orders given by the insured on the paymaster of said railway company. That a true copy of the application made by the said Bill Smith to the said Travelers' Insurance Company for said accident policy is hereto attached, marked 'Exhibit B,' and made a part thereof. That the said defendant, Buckalew, as the agent of the said Travelers' Insurance Company, executed and delivered to the said Bill Smith an accident policy in the sum of $1,500, a true copy of which is hereto attached, marked 'Exhibit C,' and made a part hereof. Third. That on September 17, 1899, the said Buckalew placed and canceled internal revenue stamps on said application for said policy in the sum of 2½ cents, the amount required by law for the first premium. That no stamp whatever was placed upon or canceled on the policy. Fourth. That the defendant, Buckalew, in stamping the application of the said Bill Smith, instead of the policy, acted under instructions of the said Travelers' Insurance Company, directing him in detail how to stamp insurance contracts in such matters. Fifth. That at the time of the taking of said application and the execution of said policy the said Buckalew intended, at the payment of the first premium of $4.70, to place additional stamps on said application in the same amount, and to cancel same to cover the second period of said contract, and that same was paid at the time specified in said contract, and additional stamps, amounting to 2½ cents, placed on said application, and canceled. And that he intended, at the payment of the second premium, to place a like amount of stamps thereon, and cancel same, covering the second period of insurance called for in said policy, and that said premium was paid, and that he did place on said application and cancel 2½ cents in internal revenue stamps. And that he intended, on the payment of the third premium, to likewise place additional stamps thereon, and that said premium was paid, and 2½ cents additional in revenue stamps were placed on said application, and canceled. And that he likewise intended, upon the payment of the said last premium, to place thereon the necessary additional internal revenue stamps, and cancel same, and that same were placed thereon, and duly canceled; and that such was his custom, and the custom of other agents, acting under instructions from said company in matters of like character. Sixth. That it is not the intention of the government to admit, by making this agreement, that the placing and cancellation of said internal revenue stamps upon said application is admissible in evidence, but that said facts are true, and that same shall be treated as true, upon the trial hereof, provided the court, over the objection of the government, should admit proofs of such facts, and either party may object to any fact thereon hereby for any legal reason."

The application for said insurance provides as follows, to wit:

"I agree that the policy shall embrace four separate insurance contracts, and shall remain in force after the first insurance period only as continued by payments of premium for the consecutive periods following, and that I will make no claim for injuries during any period for which its respective premium has not been actually paid."

"(Exhibit B.)

"Bill Smith.    Assignment for $18.75.        No. 1,041,863.

"(Sum of Premiums on Four Separate Insurance Contracts.)

"September, 1899.

"Paymaster of Texas and Pacific Railway:    For value received I hereby assign to the Travelers' Insurance Company of Hartford, Conn., or its au-

thorized agent, four premiums, for separate insurance contracts, as follows: First premium, $4.70 dollars, to be paid and deducted from my wages for the month of October, 1899; second premium, $4.70 dollars, to be paid and deducted from my wages for the month of November, 1899; third premium. $4.70 dollars, to be paid and deducted from my wages for the month of December, 1899; fourth premium, $4.65 dollars, to be paid and deducted from my wages for the month of January, 1900.

"Express Agreement. The payments named in this assignment are premiums for separate and independent contracts for consecutive periods of two, two, three, and five months, and each shall apply only to its corresponding insurance period. All claims for injuries received during any period for which its respective premium shall not have been actually paid shall be forfeited to the company, except that, in case of a just claim before the first premium shall be due, if the sum due the insured be less than the sum of all the payments called for by this assignment, it shall be credited thereon; if greater, the assignment shall be receipted in full, and the balance paid to the insured.

"Occupation: Roundhouse man.

"Where employed: Fort Worth, Texas.

his
"Signature: Bill x Smith.
mark.

"Witness: L. L. Bateman.

"(892 Ed. April, 1897; April 14, 1899.)"

### Extracts from Exhibit C.

"(10) The payments directed in the order or assignment are premiums for separate and consecutive periods of two, two, three, and five months. and each is to apply only to its corresponding insurance period. All claims for injuries received during any period for which the respective premium shall not have been actually paid shall be forfeited to the company, except that in case of a just claim before the first premium is due, if the sum due the insured be less than the sum of all the payments called for by the order or assignment, the amount of the claim shall be credited thereon; if greater, the order or assignment shall be receipted in full, and the balance paid to the insured. In making settlement for any claim for injuries received during any insurance period for which the premium has been paid, the amount of the premium for later unpaid periods may be deducted from the amount found due. (11) In case the insured shall fail to leave in the hands of the paymaster any premium as it shall fall due, as directed in said order, this policy shall be void."

D. T. Bomar, for plaintiff in error.

J. W. Gurley, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. On this writ the plaintiff in error presents two propositions, as follows:

"First. The application for an insurance policy is a part of the policy, and a revenue stamp placed on the application is a compliance with the revenue law. Second. The policy of insurance which was issued to Bill Smith was such that the insurance for each succeeding period did not take effect until the premium for the previous periods had been paid, and hence the stamp for each period need not be placed thereon until the premium for the previous period has been paid."

From the view that we take of the case, the first proposition is not material, because the plaintiff in error did not affix stamps sufficient to meet the requirements of the law on either application or policy at the time of the execution of the same.

On the second proposition, we notice that the policy of insurance issued to Bill Smith was a contract with said Bill Smith for ac--

cident insurance for a period of one year, upon which the amount of premium agreed was $18.75. For the convenience of the said Bill Smith, the premium was stipulated to be paid in installments at deferred dates corresponding to the periods of two, two, three, and five months, and for the security of the insurance company Bill Smith agreed as follows: "I agree that the policy shall embrace four separate insurance contracts, and shall remain in force after the first insurance period only as continued by payments of premium for the consecutive periods following, and that I will make no claim for injuries during the period for which its respective premium has not been actually paid," and, further, it was stipulated that, in case of any accident to Bill Smith which entitled him to benefits, the same were to be first credited upon the installments unpaid, whether due or not. Notwithstanding these stipulations and reservations, we are of opinion that the policy was a policy issued for one year, upon which the premium agreed was $18.75. There was no error in the refusal of either of the special charges requested, and we find no reversible error on the record. The judgment of the circuit court is affirmed.